UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER RADWANSKI                              Case No.

          Plaintiff,

v.

STANDARD INSURANCE COMPANY,

A Foreign Corporation,

and

UNITEDHEALTHCARE GROUP,
INCORPORATATED,

A Foreign Corporation,

          Defendants.

## COMPLAINT

The Plaintiff, WALTER RADWANSKI, by and through undersigned counsel, hereby

files this Complaint against STANDARD INSURANCE COMPANY ("STANDARD") and

UNITEDHEALTHCARE GROUP, INCORPORATED ("UHGI") and alleges:

1.      This is an action under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001, et seq., specifically § 1132 (a)(1)(b).

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in the United States District Court for the Middle District of

Florida, where the breach of the employee benefits contract between the parties took place.

4.      At all times material hereto, Plaintiff's employer UHGI sponsored and funded a short-term  disability plan administered by STANDARD and a long-term disability insurance policy funded and administered by Defendant STANDARD through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1), for which the Summary Plan Description is attached hereto as Exhibit "A," and other valuable benefits.

5.      Defendant STANDARD is a foreign corporation engaged in insurance business in Pinellas County, Florida.

6.      Defendant UHGI is a foreign corporation engaged in business in Pinellas County, Florida.

7.      STANDARD was a claims "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer UHGI at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

8.      UHGI was a plan "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer UHGI, at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

9.      Defendant STANDARD makes the final decision to deny claims under the insurance policy providing benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between STANDARD's duties

to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

10.     Defendant STANDARD has a substantial conflict of interest and its decision to deny the benefits at issue was materially influenced by its conflict of interest.

11.     Defendant STANDARD has failed to apply the provisions of the policy consistently with respect to similarly situated claimants.

12.     Defendants's notice of denial letters failed to comply with 29 CFR § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

13.     Defendants' plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

14.     Defendants have failed to comply with their own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

15.     Defendant STANDARD has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claims.

16.     Plaintiff has exhausted administrative remedies before filing this action or the

requirement that administrative remedies be exhausted before this action is filed has been

otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act,

or otherwise rendered unnecessary under the statutes, administrative regulations

promulgated by the Secretary of Labor, and/or common law regulating the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

17.     A copy of this Complaint is contemporaneously filed with the Secretary of

Labor.

**COUNT ONE**
**Action for Plan Benefits**
**Pursuant to 29 U.S.C. § 1132 (a)(1)(B)**
**Against STANDARD**

18.     Plaintiff realleges and reavers paragraphs 1 through 17 of this Complaint,

incorporating the same by reference as if specifically restated therein.

19.     Plaintiff was and is "disabled," as the term was defined in the long-term

disability insurance policy funded and administered by STANDARD at all times material

hereto.

20..     Defendant has failed and refused to pay the Plaintiff sums due pursuant to

the long-term disability insurance policy funded and administered by STANDARD, at all

times material hereto.

21.     Defendant has subjected Plaintiff to an unreasonable claims process pursuant

to 29 CFR § 2560.503-1 and has denied coverage under the terms of the long-term disability

4

plan.

22.     Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

23.     Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff Walter Radwanski prays for relief from Defendant STANDARD INSURANCE COMPANY for benefits due pursuant to the long-term disability insurance policy funded and administered by Defendant STANDARD pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against STANDARD

24.     Plaintiff realleges and reavers paragraphs 1 through 17 of this Complaint, incorporating the same by reference as if specifically restated therein.

25.     Plaintiff is entitled to long-term disability benefits pursuant to the long-term disability insurance policy which is the subject of this action.

26.     Defendant STANDARD has denied that Plaintiff is entitled to long-term disability insurance benefits.

27.     Section § 1132(a)(1)(B) specifically authorizes an action to clarify a plaintiff's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

28.    Defendant STANDARD has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

29.    Plaintiff is entitled to a declaration that his long-term disability benefits are benefits are payable under the long-term disability insurance policy in this action, and is entitled to present evidence of his disability to this effect under the *de novo* standard.

30.    Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff Walter Radwanski prays for a declaration that he is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by STANDARD INSURANCE COMPANY, along with any ancillary benefits to which he may be entitled as a result of a declaration of his right to same, pursuant to § 1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as the Court may deem appropriate.

### COUNT THREE
### Action for Plan Benefits
### Pursuant to 29 U.S.C.  § 1132 (a)(1)(B)
### Against UHGI

31.    Plaintiff realleges and  reavers paragraphs 1 through 17 of this Complaint, incorporating the same by reference as if specifically restated therein.

32.    Plaintiff was "disabled," as defined in the short-term disability plan sponsored and funded by UHGI at all times material hereto.

33.    Defendant UHGI has failed and refused to pay the Plaintiff  sums due

pursuant to the short-term disability insurance plan.

34.    Defendant has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied benefits under the long-term disability plan.

35.    Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

36.    Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C.  § 1132(g).

**WHEREFORE**, Plaintiff Walter Radwanski prays for benefits due from Defendant UNITEDHEALTCARE GROUP, INCORPORATED pursuant to the short-term disability plan sponsored and funded by Defendant UGHI pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C.  § 1132 (g), and such other relief as this Honorable Court may deem appropriate.

Respectfully Submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff